IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ROBERT W. JOHNSON**                                                           **PLAINTIFF**

**v.**                               **CIVIL ACTION NO. 3:23-cv-00566-KHJ-LGI**

**DONALD J. TRUMP, et al.**                                  **DEFENDANTS**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the *sua sponte* Motion to Dismiss Plaintiff's Complaint [1]. Also before the Court is *Plaintiff's Motion for Leave to Proceed In Forma Pauperis* [2]. After consideration of the record, relevant legal authority and Plaintiff's submissions, the undersigned recommends that this civil action be dismissed for lack of federal jurisdiction and that the Motion for Leave to Proceed *in Forma Pauperis* [2] be denied, as discussed below.

On August 30, 2023, Robert W. Johnson ("Plaintiff" or "Johnson") filed his Complaint against twenty-four Defendants,[1] along with a motion seeking leave to proceed *in forma pauperis* ("IFP Motion"). *See* Docs. [1] and [2]. A thorough review of Plaintiff's Complaint reveals that Johnson has failed to raise any justiciable claims, and therefore, this Court recommends dismissal of the Complaint for lack of federal jurisdiction. Notably, a dismissal of the Complaint [1] would result in closure of this case and any pending motions, including the pending IFP Motion. Notwithstanding, the undersigned points out that a review of Plaintiff's IFP Application reveals that Plaintiff filed the incorrect application (short form – AO 240) and also failed to provide the financial information required to determine his eligibility for *in forma*

---

[1] These Defendant include: 1) Donald J. Trump, 2) Facebook, 3) Meta, 4) Rudy Giuliani, 5) John Eastman, 6) Mark Meadows, 7) Kenneth Chesebro, 8) Jeffrey Clark, 9) Jenna Ellis, 10) Ray Smith, III, 11) Robert Cheeley, 12) Cathleen Latham, 13) Scott Hall, 14) Stephen Lee, 15) Harrison Floyd, 16) Trevian Kutti, 17) Sidney Powell, 18) Misty Hampton, 19) Michael Roman, 20) David Shafer, 21) Shawn Still, 22) Vldimir Putin, 23) Twitter, and 24) Meta LLC.

*pauperis* status.[2] Therefore, Plaintiff's Motion to Proceed *in Forma Pauperis* is due to be denied.

"[F]ederal courts are courts of limited jurisdiction," and an initial review of Johnson's submissions raises concerns whether jurisdiction exists in this court. *Hummel v. Townsend*, 883 F.2d 367, 369 (5th Cir. 1989). Federal courts have limited jurisdiction—that is, have a limited power to hear cases. *Home Depot U. S. A., Inc. v. Jackson*, 139 S.Ct. 1743, 1746 (2019) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). The jurisdiction of the lower federal courts, such as this Court, "is further limited to those subjects encompassed within a statutory grant of jurisdiction." *Id*. (quoting *Kokkonen,* 511 U.S. at 377). This Court cannot adjudicate a case "absent a statutory basis." *Id*. (quoting *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005)).

Through 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, . . . and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties " *Id*. (citations omitted). "Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States." *Id*. (quoting *Exxon Mobil Corp.*, 545 U.S. at 552). *See also Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (diversity of citizenship); *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808–9 (1986) (federal question jurisdiction).

Here, the Court cannot determine whether it has jurisdiction on either of these grounds. First, the Court is uncertain whether the minimal facts alleged in the Complaint by the Plaintiff can conceivably suggest federal claims. (Doc. [1], at 8). Further, after initial review of Plaintiff's

---

[2] This Court requires that a plaintiff or petitioner file with the Court the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form AO 239) and also answer certain financial questions under penalty of perjury.  *See*  https://www.uscourts.gov/forms/fee-waiver-application-forms/application-proceed-district-court-without-prepaying-fees-or.

2

Complaint, the Court determined that additional information was needed to assess Plaintiff's allegations. On September 20, 2023, the Court entered an Order directing Plaintiff "to file a written response providing specific information and details to answer the . . . questions" set forth in the order, as it pertained to each and every one of the Defendants. *See Order to Show Cause Why Case Should Not Be Dismissed For Lack Of Subject Matter Jurisdiction* [3]. Plaintiff was ordered to respond within fourteen days, by October 4, 2023. *Id*. at 2. The Order [3] also warned that failure to timely and fully comply with the Court's orders would result in the dismissal of the case. *Id*. Plaintiff did not respond to the Court's Order to Show Cause. However, on October 4, 2023, he filed two unrelated motions – a Motion for Default Judgment, Seizure of Chattels, Pro Se Corporation, Black Collar Crimes [4] and a Motion for Entry of Default [5].[3]

Finding that this *pro se* Plaintiff failed to comply with the Court's Order to Show Cause [3], the Court gave Plaintiff another opportunity to respond. On October 12, 2023, the Court entered its *Second Order to Show Cause Why Case Should Not Be Dismissed for Lack of Subject Matter Jurisdiction* [7]. Yet again, Plaintiff was ordered "to file a written response, within fourteen (14) days of th[e] order, by October 26, 2023. . . . provid[ing] specific information and details to . . . the questions" set forth in the order. *See* Second Order [7]. Plaintiff was also warned, again, that failure to timely and fully comply with the Court's orders would result in the dismissal. *Id*. Plaintiff failed to respond to the Second Order to Show Cause [7]. Instead, Plaintiff filed a Motion [8], requesting that the undersigned Magistrate Judge be added as a defendant to this action and also requesting "the Courts to file RICO Act Crimes charges against all Defendants for election fraud, identity theft and white[-]collar crimes." *See* Doc. [8], entitled Motion to Amend to add Judge

---

[3] Regarding, Plaintiff's Motion for Entry of Default, the Clerk of Court declined to enter default, noting "there is no proof of service of process on any of the defendants." *See* Docket Entry, dated October 11, 2023.

3

Isaac as a Defendant.[4]

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). From the face of the Complaint, subject matter jurisdiction does not exist. Plaintiff has not set forth the citizenship of any of the named defendants. Plaintiff also failed to respond to the Court's orders to show cause and provide specific information requested by the Court. Thus, it does not appear there is diversity of citizenship under 28 U.S.C.A. § 1332(a)(1). The action presents no federal question, under 28 U.S.C.A. § 1331. Thus, this Court has no jurisdiction over the action.

Further, in cases where IFP status is sought, the Court must dismiss a complaint when the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Even if Johnson's Complaint is sufficient to establish subject matter jurisdiction, his Complaint fails to state a claim upon which relief may be granted. In the instant complaint, Plaintiff provides limited information. He merely alleges that "[a]ll defendants committed identity theft, fraud, U.S. Constitutional Violations, RICO Acts and Due Process Violation against Robert W. Johnson." Doc. [1] at 2. He also requests the following relief: "$100,000,000.00 for punitive damages; 100% ownership of Defendants assets & liquidations; all other relief[] just & proper." *Id*.

While Johnson names twenty-four (24) defendants, it is unclear of the factual basis or

---

[4] Despite Plaintiff's attempt to add the undersigned as a defendant to this action, the undersigned is under no obligation to automatically recuse herself from this action. *See U. S. v. Pryor*, 960 F.2d 1, 3 (1st Cir. 1992) ("[i]t cannot be that an automatic recusal can be obtained by the simple act of suing the judge."). *Matter of Hipp, Inc.,* 5 F.3d 109, 116 (5th Cir. 1993). Additionally, the Ninth Circuit has held that "[s]uch an easy method for obtaining disqualification should not be encouraged or allowed." *Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981), rev'd on other grounds sub nom. *Hoover v. Ronwin*, 466 U.S. 558 (1984).

4

specific allegations that he attributes to each Defendant. Johnson fails to make any connection between the minimal facts asserted and the relief sought in the Complaint. *See* Complaint, Doc. [1].

A complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quotation marks and citation omitted). "A *pro se* complaint is to be construed liberally with all well-pleaded allegations taken as true. Even a liberally construed *pro se* civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (citations omitted).

Liberally construing the Complaint, the undersigned finds that it does not state a claim upon which relief may be granted. Such conclusory and vague allegations are insufficient to survive a motion to dismiss for failure to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." (emphasis added)); *see also Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006) (stating that conclusory allegations will not suffice to prevent a motion to dismiss).

In light of the foregoing recommendation that this case be dismissed for lack of jurisdiction, it follows that the pending IFP Motion likewise be denied. The undersigned notes that even if this Court was considering the IFP Motion alone, Plaintiff's Motion should be denied for failure to provide sufficient information. On August 30, 2023, Plaintiff submitted a Short Form Application to Proceed in District Court Without Prepaying Fees, wherein he provided that he had a gross pay of $0 and no other income. Doc. [2]. Plaintiff did not provide any other information, such as his employment history, bank accounts, assets, etc., which is required and allows this Court to determine

his financial circumstances. *See* Long Form Application to Proceed in District Court Without Prepaying Fees or Costs (AO 239).

The information provided is insufficient to properly examine Plaintiff's financial condition. The Court must examine the Plaintiff's financial condition to determine whether the payment of fees would cause an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "There is authority for the proposition that the privilege of proceeding *in forma pauperis* in civil actions for damages should be allowed only in exceptional circumstances." *Williams v. Beau Rivage*, No. 1:09-cv-272-HSO-JMR, 2009 U.S. Dist. LEXIS 102760, 2009 WL 3431457 (S.D. Miss. Oct. 23, 2009). "The granting or denying of *in forma pauperis* proceedings of a civil nature is left to the sound discretion of the District Court." *Id.* (citing *Willard v. United States*, 299 F. Supp. 1175, 1177 (N.D. Miss. 1969)). Here, Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [2] should be denied.

Moreover, Plaintiff's case should also be dismissed for Plaintiff's repeated failure to comply with this Court's orders. Plaintiff was warned twice that his failure to fully and timely comply with this Court's orders would result in dismissal of this case. *See* Order to Show Cause [3] at 2; *see also* Second Order to Show Cause [7] at 2.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's Complaint [1] be DISMISSED without prejudice.

2. Plaintiff be given an opportunity to refile his complaint with appropriate claims that likewise establish the existence of subject matter jurisdiction.

3. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [2] be DENIED.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party may serve and file written objections within fourteen (14) days after being served a copy of this recommendation, with a copy to the District Judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject, or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected, , except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 19th day of November, 2023.

    /s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE