UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROBERT W. JOHNSON                                                    PLAINTIFF

V.                                            CIVIL ACTION NO. 3:23-CV-566-KHJ-LGI

DONALD J. TRUMP, et al.                                            DEFENDANTS

ORDER

Before the Court is the [9] Report and Recommendation ("Report") of United States Magistrate Judge LaKeysha Greer Isaac. The Report recommends dismissing Plaintiff Robert W. Johnson's case for several reasons, including lack of subject matter jurisdiction and failure to comply with the Court's Orders. [9] at 1, 6. The Report informed Johnson he had until December 4, 2023, to file written objections to the Report and warned him that a failure to do so would bar further appeal under 28 U.S.C. § 636. *See id.* at 7. Johnson filed no objections, and the time to do so has passed.

When no party objects to a Magistrate Judge's report, the Court need not review it de novo. *See* 28 U.S.C. § 636(b)(1). Instead, the Court can apply the clearly erroneous, abuse-of-discretion, and contrary-to-law standard of review. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

On August 30, 2023, Johnson filed his Complaint against 24 Defendants, along with a motion seeking leave to proceed *in forma pauperis*. *See* [1]; [2]. The Magistrate Judge reviewed Johnson's Complaint and could not find a basis for the

Court's jurisdiction. [9] at 1. So, on September 20, 2023, the Magistrate Judge ordered Johnson to show cause within 14 days as to why the case should not be dismissed for lack of subject matter jurisdiction. [3] at 2. The Order warned Johnson that failure to comply would "result in the dismissal of this case." *Id.* Johnson did not respond to the Court's Order. [9] at 3.[1]

On October 12, 2023, the Magistrate Judge again ordered Johnson to show cause within 14 days as to why the Court should not dismiss the case for lack of subject matter jurisdiction. [7] at 1–2. The Court warned Johnson for the second time that "failure to fully comply with this Order or any Order of this Court in a timely manner will result in the dismissal of this case without further notice." *Id.* at 2. Johnson did not respond to the second Order. [9] at 3.[2]

The Court gave Johnson two opportunities to provide information establishing jurisdiction. Johnson failed to do so. The Court cannot establish jurisdiction based on Johnson's Complaint. And Johnson's "repeated failure to

---

[1] Instead, "he filed two unrelated motions" on October 4, 2023—a [4] Motion for Default Judgment, Seizure of Chattels, Pro Se Corporation, Black Collar Crimes, and a [5] Motion for Entry of Default. The Clerk of Court declined to enter default for lack "of service of process on any of the defendants." [9] at 3 n.3.

[2] Rather than respond to the Court's Order, Johnson moved to add the "Magistrate Judge . . . as a defendant to this action and also request[ed] 'the Courts to file RICO Act Crimes charges against all Defendants for election fraud, identity theft and white[-]collar crimes.'" [9] at 3; *see also* [8]. The Magistrate Judge explained that, despite Johnson's "attempt to add [her] as a defendant to this action, [she was] under no obligation to automatically recuse herself from this action." [9] at 4 (citing *United States v. Pryor*, 960 F.2d 1, 3 (1st Cir. 1992) ("[I]t cannot be that an automatic recusal can be obtained by the simple act of suing the judge."); *Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir. 1993)). The Court agrees.

comply with this Court's orders" has prevented the Court from resolving this jurisdictional question. *Id.* at 6; *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998).

Because Johnson repeatedly "fail[ed] to comply with this Court's orders," the Magistrate Judge's Report recommends dismissing the case without prejudice. *Id.* Johnson did not object to the Report, and the time to do so has passed. The Court finds the Report not clearly erroneous or contrary to law. Therefore, the Court adopts the [9] Report and Recommendation of United States Magistrate LaKeysha Greer Isaac as the findings of this Court.

Accordingly, the Court DISMISSES this case without prejudice and DENIES as moot Johnson's [2] Motion for Leave to Proceed *in forma pauperis*; [4] Motion for Default Judgment, Seizure of Chattels, Pro Se Corporation, Black Collar Crimes; and [8] Motion to Amend/Correct to Add Judge Isaac as a Defendant. The Court will issue a separate final judgment consistent with this Order. The Clerk of Court shall mail this Order and the final judgment to Johnson at his address of record.

SO ORDERED AND ADJUDGED, this 7th day of December, 2023.

s/*Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE